GENEVIEVE A. VAN NOSTRAND, Plaintiff, *v.* JOHN J. VAN NOSTRAND, Defendant.

Supreme Court, Special Term, Queens County, December 21, 1961.

*Patrick Beary* for plaintiff. *Peirez, Karmiol & Rosenthal* (*Benjamin S. Rosenthal* of counsel), for defendant.

HAROLD TESSLER, J. Plaintiff sues for a separation on four grounds (1) abandonment, (2) cruel and inhuman treatment, (3) nonsupport and (4) adultery. Defendant counterclaims for a separation charging that the plaintiff's conduct toward him in refusing marital relations constituted an abandonment.

The parties were married in December, 1939, and have a son, now almost 19 years of age, who is presently attending the New York Institute of Technology.

Plaintiff testified that on October 25, 1955, the defendant left their marital home after some arguments as to why he stayed out late and stayed away from home. Plaintiff's inquiry as to his reasons for this conduct was met with a reply of "It is none of your business"; she testified that defendant told her that he was interested in another woman.

Plaintiff further testified that previously, in September, 1952, the defendant left her and that he was "in trouble" with another woman who was pregnant by him; that he returned on October 19, 1952, and that they were reconciled until 1955.

She further testified that although she had difficulty in having sexual relations, the parties did have relations about once a week during their married life; that in 1957 she had an operation during the course of which a condition was corrected so as to permit her to have successful relations without difficulty; that after this operation she and the doctor spoke to the defendant and asked him to return to the marital home, and that he refused saying that he was no longer interested. The doctor so testified. The defendant admitted the conversations and his unwillingness to return to the plaintiff.

Plaintiff was unable to furnish anything in the way of specific testimony or proof as to the defendant's earnings and financial status at the present time except that he is connected with Cypress Formed Steel Company and at the time of the commencement of this action that he owned the Iron City Steel Company and Iron City Nut & Bolt Company. Plaintiff is employed earning a gross weekly salary of $105 ($90 take-home) and gets a Christmas bonus of $750.

The defendant testified that he had *no* marital relations with the plaintiff, except for one occasion, as a result of which they had their child. He testified that plaintiff refused to have relations any other time; that she continually offered various excuses and that she would not even discuss the situation with him. He stated that on the night before he left their marital home in 1955, after his coming in late and being questioned by the plaintiff as to where he was, he told her "It was none of her business"; that as a result she told him to get out if he could not get home early and that he obliged the plaintiff by packing up and getting out. He stated that he never once suggested going to a doctor or doing anything about the alleged lack of relations during the entire 16 years of their living together. His testimony, on cross-examination as well as on direct examination by his own attorney, was evasive and nonresponsive. I can give little credence to it.

Defendant testified that in 1954 and 1955 he was in business for himself under the name of Iron City Steel Company, which business became financially involved and made an assignment for the benefit of creditors; that in 1960 he earned $7,500 and that this year he has earned the sum of approximately $3,000, with average monthly earnings of $150 to $200; that he has no investment whatsoever in Cypress Steel, and that he has no assets, bank accounts, stocks, securities, etc.

It is clear from the proof that defendant in the past has had a substantial income, anywhere from $15,000 to $40,000 per annum during the period of 1959 back to 1945. It is equally

clear that his business circumstances presently are not good and that his income is limited at this time.

Defendant's contention, as asserted in the counterclaim, that the plaintiff's failure or " refusal " to have marital relations with him constituted an abandonment by the plaintiff, is without merit. The refusal of the wife to have marital relations in the cases cited by the defendant (*Mirizio* v. *Mirizio,* 242 N. Y. 74; *Deimer* v. *Deimer,* 8 N Y 2d 206; *People ex rel. Roosevelt* v. *Roosevelt,* 13 A D 2d 334), are not referable to the instant case. In those cases the courts were dealing with a deliberate and willful refusal by the wife, whereas here both the circumstances and testimony differ entirely from those existing in the afore-mentioned cases.

Upon all of the testimony and proof before me, I find that the plaintiff has sustained the burden of proof by a fair preponderence of the credible evidence and is entitled to a judgment of separation as prayed for in the complaint.

Defendant is directed to pay the plaintiff the sum of $30 per week for the support and maintenance of herself and their son.

This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act. Enter judgment accordingly.